# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

VICTOR C. WILLIAMS                                                    PETITIONER

VS.                                  3:12CV00014 JMM/JTR

MIKE ALLEN,
Sheriff of Crittenden County                                        RESPONDENT

## <u>PROPOSED FINDINGS AND RECOMMENDED DISPOSITION</u>

## <u>INSTRUCTIONS</u>

The following recommended disposition has been sent to United States District Judge James M. Moody.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3.     An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Room A149
Little Rock, AR 72201-3325

## I. Introduction

Pending before the Court is a § 2241 Petition for a Writ of Habeas Corpus filed by Victor C. Williams ("Petitioner"), who is attacking his pretrial detention in the Crittenden County Detention Center. Before addressing Petitioner's habeas claims,

the Court will review the relevant procedural history of the case in state court.

On August 31, 2011, Petitioner was charged, in Crittenden County Circuit Court, with: (1) two counts of capital murder; (2) arson; and (3) residential burglary. (Docket entry #8-1 at 2).  On September 30, 2011, he had his initial appearance in West Memphis District Court and was denied bail.[1]  (Docket entry #1 at 2, ¶5; docket entry #8 at 1, ¶5).  He is currently detained in the Crittenden County Detention Center awaiting trial on the pending charges.

On January 17, 2012, Petitioner initiated this habeas action.  (Docket entry #1). He argues that his pretrial detention is unconstitutional because: (1) the pending charges are based solely on "inadmissible hearsay;" and (2) his case was not presented to a grand jury for indictment.  He requests that the Court order him immediately released, or that it order the state court to set a "reasonable bond."[2] (Docket entry #1 at 3).

---

[1]The record is unclear as to the reasons Petitioner was denied bail, although it was likely due to his status as a capital defendant.  Under the Arkansas Constitution, a criminal defendant is normally entitled to a "reasonable bail," except in capital cases: "All persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses, when the proof is evident or the presumption great." ARK. CONST. Art. 2, § 8; *see also Henley v. Taylor*, 324 Ark. 114, 918 S.W.2d 713 (1996) ("a criminal defendant has an absolute right before conviction, except in capital cases, to a reasonable bail").

[2]Petitioner also requests monetary damages, which are not available in a federal habeas action.  *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973).

Respondent argues that the Petition should be dismissed because Petitioner has failed to exhaust state court remedies. (Docket entry #8).  For the reasons discussed below, the Court recommends that the Petition be dismissed, without prejudice.[3]

## II. Discussion

Before a state prisoner can seek federal habeas relief, he ordinarily must "exhaus[t] the remedies available in the courts of the State," 28 U.S.C. § 2254(b)(1)(A), thereby affording those courts the first opportunity to address and correct alleged violations of the prisoner's federal constitutional rights. *Walker v. Martin*, 131 S. Ct. 1120, 1127 (2011).  State remedies are not fully exhausted if a petitioner "has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c).  Compliance with the exhaustion requirement is excused only if "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant."  *Id.* § 2254(b)(1)(B).

This exhaustion requirement applies to § 2241 habeas petitions challenging a

---

[3]Respondent also points out that Petitioner did not verify his Petition under penalty of perjury as required by 28 U.S.C. § 2242.  On April 4, 2012, the Court entered an Order (docket entry #10) directing Petitioner to file, on or before April 27, 2012, a Supplement verifying his Petition.

As of this writing, Petitioner has filed nothing in response to the Court's April 4, 2012 Order.  His failure to comply with the verification requirement of 28 U.S.C. § 2242 constitutes an additional reason why his Petition should be dismissed.

pending state criminal prosecution.[4]  *Sacco v. Falke*, 649 F.2d 634, 635-37 (8th Cir. 1981) (future prosecution under state indictment); *Davis v. Muellar*, 643 F.2d 521, 525 (8th Cir. 1981) (pending state prosecution).  Federal courts should decline jurisdiction over pretrial habeas petitions brought pursuant to § 2241 if the issues may be resolved by the state trial court or other state procedures are available to the petitioner.  *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *see also Wingo v. Ciccone*, 507 F.2d 354, 357 (8th Cir. 1974) ("Absent extraordinary circumstances, federal courts should not interfere with the states' pending judicial processes prior to trial and conviction, even though the prisoner claims he is being held in violation of the Constitution").

Petitioner has not demonstrated that the existing state procedures are ineffective to protect his constitutional rights or that extraordinary circumstances exist warranting federal intervention with the state's pending judicial proceedings.[5]

---

[4]Pursuant to 28 U.S.C. § 2241(c)(3), a district court may grant habeas relief to individuals "in custody in violation of the Constitution or laws or treaties of the United States," regardless of whether a judgment of conviction has been entered in a criminal proceeding. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 503-04 (1973) (Rehnquist, J., dissenting).

[5]Under Arkansas law, a criminal defendant may challenge an adverse bail determination in a writ of certiorari to the Arkansas Supreme Court. *Meeks v. State*, 341 Ark. 620,  19 S.W.3d 25 (2000) ("This court has stated that a writ of certiorari is the appropriate vehicle for relief in bail proceedings").

Because of Petitioner's ongoing state criminal proceeding, this habeas action should be dismissed, without prejudice.

### III. Conclusion

IT IS THEREFORE RECOMMENDED that the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (docket entry #1) be DENIED, and that the case be DISMISSED, WITHOUT PREJUDICE.

IT IS FURTHER RECOMMENDED that a Certificate of Appealability be DENIED.  *See* Rule 11(a) Rules Governing § 2254 Cases in United States District Courts.

Dated this 4th day of May, 2012.

_____
UNITED STATES MAGISTRATE JUDGE